**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: March 18, 2026**



**Hon. Rachel M. Blise**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:                                          Case No. 22-11191-rmb

Bernard Charles Seidling,                       Chapter 7

     Debtor.

**DECISION AND ORDER SUSTAINING DEBTOR'S OBJECTION
TO CLAIM NO. 13 OF THE ESTATE OF DOUGLAS THAKE**

Debtor Bernard Seidling purchased real property from Amanda Taylor, one of
five heirs of Douglas Thake, via warranty deed.  The Estate of Douglas Thake (the
"Estate") filed a proof of claim in Seidling's bankruptcy case asserting that Seidling
is liable for civil theft and seeking the value of the property, plus punitive damages
and attorney's fees and costs.  The Estate contends that Taylor's transfer of the
property to herself through a Transfer by Affidavit was invalid, as was Taylor's
transfer of the property from herself to Seidling.  Seidling's objection to the claim
presents the legal issues whether a single heir can use the Transfer by Affidavit
procedure outlined in section 867.03 of the Wisconsin Statutes to take legal title to
real property and whether that heir can transfer the real property to a third party.

The Court concludes that the Transfer by Affidavit was valid under section 867.03, and that Taylor had the ability to transfer the property at issue to Seidling. Therefore, Seidling is not liable for civil theft under the theory presented by the Estate, and the Estate's claim must be disallowed.

## BACKGROUND

The following facts appear to be undisputed.  Douglas Thake died intestate on November 15, 2015.  Thake was divorced and had five adult children, including Amanda Taylor.  Under the Wisconsin intestacy rules, any property in Thake's estate should have been distributed equally among the five heirs.  *See* Wis. Stat. § 852.01(b).  At the time of his death, Thake was the sole owner of the real property located at 10136 Olker Rd., Hayward, WI 54843 (the "Property").  The parties identified no other assets of any value in Thake's estate.

On April 11, 2016, Taylor executed and recorded a "Transfer by Affidavit ($50,000 and under)" with the Register of Deeds for Sawyer County, Wisconsin.  A Transfer by Affidavit may be used to transfer property "when a decedent leaves property subject to administration in [Wisconsin] that does not exceed $50,000." Wis. Stat. § 867.03(1g).  The parties do not appear to dispute that the value of the Property, together with any other assets owned by Douglas Thake, was $50,000 or less.[1]

---

[1] In its proof of claim, the Estate asserts that the Property was worth $87,000 on the petition date in 2022.  While the Estate does argue that the Transfer by Affidavit was invalid, the Estate does not assert that it is invalid because the value of Thake's estate was more than $50,000 in 2016 when Taylor executed and recorded the Transfer by Affidavit.  The Court therefore has assumed that the Estate agrees the value of the Property was less than $50,000 in 2016.

On June 28, 2017, Taylor executed a Warranty Deed through which she conveyed the Property to LCO Trust II.  This Court previously held that LCO Trust II is the alter ego of Seidling, and that Seidling owns all property titled in the name of LCO Trust II.  *See Block v. Seidling (In re Seidling)*, Adv. No. 23-00032-rmb, 2024 WL 3934127, *23 (Bankr. W.D. Wis. Aug. 23, 2024).  Seidling says she received "valuable consideration," though the consideration she received is unclear.  It may be that Seidling gave Taylor a discount on her purchase of different real property from him as a sort of trade.  *See* Dkt. No. 634 at 1.  The Estate does not argue that the transfer to LCO Trust II was void for lack of consideration.

On June 10, 2018, Seidling entered an Option to Purchase Trust with Chad Raasch, pursuant to which he purported to convey to Raasch an option to purchase LCO Trust II.  The same day, Seidling and Raasch signed a Rental/Lease Agreement for the Property.  Neither agreement with Raasch was recorded.  On April 27, 2021, Seidling transferred the Property to Florida Land Trust.  He transferred the Property back to LCO Trust II on August 16, 2021.  The reasons for these transfers are unknown.

In February 2021, one or more of Thake's other children opened a probate proceeding in Sawyer County, Wisconsin, Case No. 2021PR000015.  On August 23, 2021, the Estate sued Taylor, Raasch, Seidling, LCO Trust II, Florida Land Trust, and several other entities with a potential interest in the Property in Sawyer County, Wisconsin Circuit Court, Case No. 2021CV000115.  The Estate sought a

3

declaratory judgment that the Transfer by Affidavit transferring the Property to Taylor was ineffective and that title to the Property remained with the Estate.

Seidling filed a chapter 11 bankruptcy petition on July 26, 2022, and the case was converted to chapter 7 on October 3, 2022.  On May 9, 2023, the Estate filed a proof of claim that the Clerk assigned as Claim No. 13.  The Estate filed an amended claim on October 28, 2024, which is listed in the Claims Register as Claim 13-3.  The Estate claims that it is owed a total of $528,970.52.  According to the Estate, Seidling committed civil theft under Wis. Stat. § 943.20 in receiving the Property.  The Estate says the Property was worth $87,000 on the petition date, and that Seidling is liable for that amount.  The Estate also seeks punitive damages in the amount of $261,000 (three times the value of the property) and attorney's fees and costs of $180,970.52[2] pursuant to Wis. Stat. § 895.446.

Seidling objected to the Estate's claim, and his objection was amended several times.  In the amended objection filed on December 26, 2023, Seidling asserts that LCO Trust II validly purchased the Property from Taylor, and that the value of the Property was only $2,500 in 2017 when Taylor transferred the Property to LCO Trust II.  Dkt. No. 472.

The Court ordered briefing on the claim objection and received briefs from the Estate and Seidling.  Dkt. Nos. 826, 883, 901, 917, 947, 1190, 1205.  The Court also

---

[2] The basis for the remaining $180,970.52 of the claim is unclear.  None of the information filed with the claim indicates that the attorney's fees and costs total that amount.  A document that appears to be a ledger of attorney's fees has a total of $112,995.52.  Without a full explanation, the Court has presumed that the entire $180,970.52 is attributable to attorney's fees and costs.

4

held hearings on the objection on July 27, 2023; July 11, 2024; and July 24, 2025.
Dkt. Nos. 359, 576, 1174.

## JURISDICTION

The Court has jurisdiction over this chapter 11 case and contested matter pursuant to 28 U.S.C. § 1334 and the order of reference from the district court pursuant to 28 U.S.C. § 157(a). *See* General Order No. 161 (W.D. Wis. June 12, 1984) (available at https://www.wiwd.uscourts.gov/administrative-orders) (last visited March 17, 2026).

This matter is a core proceeding because it involves allowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B). In addition, the Estate's claim and Seidling's objection to that claim implicate issues related to whether the Property is part of the bankruptcy estate. The district court, and this Court by the order of reference, has "exclusive jurisdiction . . . of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 11 U.S.C. § 1334(e)(2); *see also* Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 3.01 (16th ed. 2026) ("Likewise, the district court has exclusive jurisdiction to determine whether property is property of the estate to begin with."). To the extent the determination whether the Property was validly transferred requires consideration of issues impacted by the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), the parties have consented to this Court's final adjudication of these issues by their silence. *See* Fed. R. Bankr. P. 7008, 7012; *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 683 (2015) ("Nothing in the

Constitution requires that consent to adjudication by a bankruptcy court be express.").

## DISCUSSION

## I

Section 502 of the Bankruptcy Code provides that proofs of claim filed by creditors are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Upon an objection, a bankruptcy court must disallow a claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." *Id.* § 502(b)(1).

A timely and properly filed proof of claim is "prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). That is, the claim itself gives rise to a rebuttable presumption that the claim is valid. "A party objecting to the proof of claim has the initial burden to produce some evidence or legal point to overcome this rebuttable presumption." *In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013). "The burden then shifts back to the claimant to meet the objection and establish the claim." *Id.*

## II

The Property was titled in the name of LCO Trust II (which is really Seidling) on the petition date. For present purposes, the Court will disregard the transfer to Florida Land Trust back in 2021.

The Estate attacks both relevant transfers of the Property. First, the Estate argues that the Transfer by Affidavit was ineffective to transfer the Property to

6

Taylor under Wisconsin law.  Second, the Estate argues that the transfer from Taylor to Seidling a/k/a LCO Trust II was invalid because Taylor could transfer only her share of the Property to a third party and she could not transfer the entire Property.  The Court considers whether each of the transfers was improper or invalid as a matter of law based on what section 867.03 allows.

### Transfer by Affidavit to Taylor

The Estate argues that Taylor could not transfer the Property to herself using the Transfer by Affidavit process under Wisconsin law.  It further argues that if she could transfer any portion of the Property to herself, she could transfer only her 1/5 share of the Estate.  The Estate's argument is based on a misunderstanding of Wisconsin's probate laws as well as the "transfer by affidavit" mechanism under section 867.03 of the Wisconsin Probate Code.

Under the probate laws of other jurisdictions, it is often the case that the property of a decedent who dies intestate passes automatically to the decedent's heirs according to the intestacy succession laws of that state.  Indeed, as explained in *In re Higgins*, No. 23-22024-rmb, 2023 WL 8823920 (Bankr. E.D. Wis. Dec. 20, 2023), this was the law in Wisconsin prior to the adoption of Wisconsin's probate code in 1971.  Before then, legal title to a decedent's personal property could be passed only by a personal representative of the decedent's estate, but legal title to real property passed automatically to the heirs.  *See Riedi v. Heinzl*, 3 N.W.2d 366, 369 (Wis. 1942) ("It is elementary that real estate descends directly to the heirs as of the date of death where the deceased owner dies intestate[.]"); *Palmer v. O'Rourke*, 110 N.W. 389, 390 (Wis. 1907) ("Upon the death of any person possessed

7

of personal estate the legal title thereto and right to possession thereof vests in his personal representative and can only reach the heirs, ultimately entitled thereto by due course of administration."); *see also In re Omernik's Estate*, 332 N.W.2d 307, 310 (Wis. 1983) ("Prior to 1971, a personal representative [of a decedent's estate] only had title to the decedent's personal property."). Under that precedent, in this case each of Thake's children would automatically have legal title to a 1/5 share of the Property, even in the absence of a formal instrument transferring title.

Since 1971, however, the personal representative of a decedent's estate "succeeds to the interest of the decedent in ***all*** property of the decedent." Wis. Stat. § 857.01 (emphasis added); *see also Shovers v. Shovers*, 2006 WI App 108, ¶ 37, 718 N.W.2d 130, 137. In other words, title to real property no longer passes automatically to a decedent's heirs. Instead, "[u]pon the death of a person, the title to his property remains suspended until the appointment of a personal representative, at which time it passes to that personal representative." *Shovers*, 2006 WI App 108, ¶ 37. Until a personal representative is appointed and transfers the property, "[h]eirs and legatees obtain no legal title to the property, but are beneficially interested in the estate and possess an equitable title subject to administration and payment of debts." *Id.* Generally, "[t]itle can pass to those ultimately entitled to share in the property only after administration and by the final decree of the proper court administering the estate." *Id.*

Wisconsin law allows property in an estate to be transferred to an heir through informal procedures and without appointment of a personal representative

8

in certain limited circumstances, one of which is through a Transfer by Affidavit.  In

2016, when Taylor executed and recorded the Transfer by Affidavit, the pertinent

portion of the statute provided:

> **(1g) Generally.** When a decedent leaves property subject to administration in this state which does not exceed $50,000 in value, any heir of the decedent, trustee of a revocable trust created by the decedent, or person who was guardian of the decedent at the time of the decedent's death may collect any money due the decedent, receive the property of the decedent, and have any evidence of interest, obligation to, or right of the decedent transferred to the affiant if the heir, trustee, or guardian provides to the person owing the money, having custody of the property, or acting as registrar or transfer agent of the evidences of interest, obligation to, or right, or, if the property is an interest in or lien on real property, provides to the register of deeds preliminary to the recording required under sub. (2m), proof of prior mailed notice under sub. (1m) if applicable and an affidavit in duplicate showing all of the following:
>
>> (a) A description of and the value of the property to be transferred.
>>
>> (b) The total value of the decedent's property subject to administration in this state at the date of decedent's death.
>>
>> (c) Whether the decedent or the decedent's spouse ever received services provided as a benefit under a long-term care program, as defined in s. 49.496(1)(bk), medical assistance under subch. IV of ch. 49, long-term community support services funded under s. 46.27(7), or aid under s. 49.68, 49.683, 49.685, or 49.875 [s. 49.7851].
>
> [ . . . ]
>
> **(2) Release of liability of transferor.** Upon the transfer to the heir, trustee, or person who was guardian of the decedent at the time of the decedent's death furnishing the affidavit with an attached proof of mail delivery if required under sub. (1m)(b), the transferor is released to the same extent as if the transfer

had been made to the personal representative of the estate of the decedent.

**(2g) Obligation of affiant.** (a) By accepting the decedent's property under this section the heir, trustee, or guardian assumes a duty to apply the property transferred for the payment of obligations according to priorities established under s. 859.25 and to distribute any balance to those persons designated in the appropriate governing instrument, as defined in s. 854.01, of the decedent or if there is no governing instrument, according to the rules of intestate succession under ch. 852, subject to par. (b). An heir or guardian may publish a notice to creditors in the same manner and with the same effect as a trustee under s. 701.0508. This paragraph does not prohibit any appropriate person from requesting administration of the decedent's estate under s. 856.07 or ch. 865.

[ . . . ]

**(2m) Recording of affidavit.** (a) If an affidavit under sub. (1g) describes an interest in or lien on real property a certified copy or duplicate original of the affidavit shall be recorded in the office of the register of deeds in each county in this state in which the real property is located.

(b) For purposes of a transfer under this section of an interest in or lien on real property, the recording of the affidavit copy or duplicate original constitutes the transfer to the affiant under sub. (1g) of the evidence of the interest in or lien on real property.

Wis. Stat. § 867.03 (eff. July 14, 2015 to Dec. 1, 2017).

For present purposes, the import of the statute is this: one heir may transfer title to all a decedent's property, including his real property, to herself through an affidavit recorded with the appropriate register of deeds if the gross value of the decedent's estate is less than $50,000. By accepting the property, the heir to whom the property is transferred undertakes the obligation to pay the creditors of the decedent and distribute the remainder of the estate to any heirs entitled to receive a

portion under the provisions of any governing instrument or according to the rules of intestate succession.

There is no dispute that, as one of the five children of Thake, Taylor is an heir of the Estate; that the value of the Property (combined with Thake's other assets) was $50,000 or less when Thake died; and that Taylor otherwise complied with the technical or procedural requirements imposed by section 867.03.[3]   In other words, the only issue in dispute is the legal effect of the Transfer by Affidavit (i.e., to what extent Taylor transferred to herself an interest in the Property).   Based on the plain language of the statute, Taylor could execute and record a Transfer by Affidavit to transfer the Property to herself.   When she did so, she undertook a corresponding obligation to ensure that the remaining heirs received the portion of the estate to which they were entitled.   Accordingly, the Court concludes that the Transfer by Affidavit was sufficient to transfer legal title to the Property to Taylor.

The Estate contends that section 867.03 does not allow an heir to receive real property in its entirety, and instead allows an affiant heir to receive only the share of the decedent's real property corresponding to the heir's presumptive interest in the estate.   *See* Dkt. No. 1190 at 2-3.   The Estate argues:

> Nothing in the plain language of Wis. Stat. § 867.03 allows an heir to transfer more than their proper share of an estate to themselves. This statute only allows an heir to "collect" property subject to a statutory duty to "distribute any balance . . .

---

[3] The Estate initially argued that Taylor did not comply with the service requirements of section 867.03. *See* Dkt. No. 901. This argument was premised on the current version of the statute, *see* Wis. Stat. § 867.03(1p); the version in effect in 2016 did not have the same notice requirements.  In its additional brief, the Estate again argues that Taylor "never followed the statutory procedures required by the Transfer by Affidavit statutes." *See* Dkt. No. 1190 at 5.  The Estate does not explain in its supplemental brief what procedures in the 2016 statute that Taylor did not follow.

> according to the rules if [sic] intestate succession." Therefore, the "Transfer by Affidavit" could not effectuate any transfer of the 4/5 interest in the Property which did not belong to Amanda Taylor under Wis. Stat. § 852.01(1)(b) [sic]

Dkt. 1190 at 3.

The Estate misreads the statute. The statute plainly allows an affiant heir to "receive the property of the decedent." Wis. Stat. § 867.03(1g). It does not say that an affiant heir may receive only her presumptive share of the property of the decedent, or that "consent from the remaining heirs would be required to effectuate a 100% transfer to [the affiant]." Dkt. No. 1190 at 3. In exchange for "accepting the decedent's property," an affiant such as Taylor "assumes a duty to apply the property transferred for the payment of obligations according to priorities established under s. 859.25 and to distribute any balance," in the case of intestacy, "according to the rules of intestate succession." Wis. Stat. § 867.03(2g). If an affiant heir could receive only her share of the decedent's property, why would she have an obligation to distribute any property to the other heirs? The Estate makes no effort to answer this question.[4]

Moreover, in addition to heirs (who are presumptively entitled to some share of the estate), the statute allows a qualifying trustee or guardian to accomplish a transfer of the decedent's property through affidavit. *See* Wis. Stat. § 867.03(1g). There is no requirement that such a trustee or guardian be entitled to a share of the

---

[4] The Estate makes a non-sensical argument about a court's ability to impose a constructive trust under Wisconsin law. *See* Dkt. No. 1190 at 3-4. The Estate does not explain how the question whether a court could impose a constructive trust on the estate property that Taylor received pursuant to the Transfer by Affidavit is relevant to whether the statute permitted Taylor to receive the property at all.

decedent's estate.  So it cannot be that the statute limits the scope of property transferred through affidavit to that portion of the estate to which the affiant has an interest.

The more reasonable interpretation of the statute is that section 867.03 is intended to allow an affiant to function as a sort of personal representative of the estate for the purpose of administering property valued at or below $50,000 for the benefit of the estate.  This procedure is practical for estates with such a value, where the costs of a full probate proceeding are high in relation to the value of the estate.  Indeed, the statute states that "[u]pon transfer to the [affiant] . . . the transferor is released to the same extent *as if the transfer had been made to the personal representative of the estate of the decedent*."  Wis. Stat. § 867.03(2) (emphasis added).  If an affiant functions like a personal representative for the limited purpose of administering certain low-value estates, then, like a personal representative, the affiant should receive all, not just part, of the property in the estate.  *See* Wis. Stat. § 857.01 ("Upon his or her letters being issued by the court, the personal representative succeeds to the interest of the decedent in *all property* of the decedent.") (emphasis added).

From a policy perspective, it might be understandable to question the propriety of a mechanism that places the power to administer a decedent's property in the hands of a single, self-volunteering heir.  But the statute includes guardrails against abuse of this mechanism: it limits the value of the property that qualifies for transfer by affidavit to $50,000, it imposes a legal duty upon the affiant to

13

distribute property to other heirs, and it expressly preserves the right of another heir to initiate formal probate proceedings. *See* Wis. Stat. § 867.03(2g)(a). The weighing of the utility of the transfer by affidavit mechanism in hastening the resolution of small estates and lessening the costs of administering such estates against the risks presented by a single volunteer heir assuming control of estate property is a task that is properly left to the legislature. The state legislature made the policy choice, and the language it chose to use in the statute is clear.[5] This Court's role is limited to interpreting and enforcing that language.

In sum, section 867.03 of the Wisconsin Statutes enables an affiant to receive the entire estate of a decedent by recording a Transfer by Affidavit, and the mechanism does not limit an affiant heir to receiving just her share. The Estate does not advance any other argument that the Property was not transferred from Thake's estate to Taylor under the Transfer by Affidavit. Therefore, the Court concludes that Taylor obtained valid legal title to the property when she recorded the Transfer by Affidavit.[6]

---

[5] The Wisconsin state legislature has continued to refine the transfer by affidavit procedure in recent years, reflecting that the legislature has, indeed, weighed and considered the benefits and risks of the procedure. For example, the current version of the statute includes additional notice requirements before real property can be transferred using a transfer by affidavit, and it limits the persons to whom real property can be transferred. *See* Wis. Stat. § 867.03(1h), (1j), (1p) (2026).

[6] An additional matter bears mentioning due to the Estate's insistence that the other heirs have an interest in the Property. The Wisconsin Court of Appeals noted in *Shovers* that the heirs to an estate do not take legal title to the property in the estate, but they have a beneficial interest in the estate. *Shovers*, 2006 WI App 108, ¶ 37. As explained in *Higgins*, that beneficial interest does not attach to the property itself; it attaches to the estate. *Higgins*, 2023 WL 8823920 at *7 ("[T]he debtor's interest in his probate estate is not the same thing as an interest in the Property."). The heirs to the Estate did not have a beneficial interest in the Property itself. Rather they have or may have had a beneficial interest in the Estate, which includes all the property received by Taylor through the Transfer by Affidavit.

As affiant, Taylor undertook a corresponding obligation to distribute to the appropriate creditors and heirs all the property in Thake's estate that she received pursuant to the Transfer by Affidavit. Whether Taylor complied with her obligation is not before the Court.

### Transfer by Deed to Seidling a/k/a LCO Trust II

The Estate also argues that section 867.03 does not authorize an affiant who receives real property pursuant to a Transfer by Affidavit to effectuate a subsequent transfer of the entire property to a third party. Dkt. No. 1190 at 3-4. According to the Estate:

> The "duty" under Wis. Stat. § 867.03(2g) does not transform the affiant into a trustee with discretion over the entire estate. Amanda Taylor's s [sic] decision to deed the property to Seidling was outside the scope of that limited duty and legally ineffective beyond her own interest. Any claim that Amanda Taylor held the property "in trust" is a post hoc judicial fiction not supported by the affidavit or law. Therefore, the "Transfer by Affidavit" does not create a constructive trust or fiduciary role on the part of the affiant.

*Id.*

The statute clearly contemplates a single recipient of the decedent's property, and the Court already concluded that a Transfer by Affidavit transfers the whole of the estate to the affiant. The statute also contemplates further transfers by the affiant to accomplish the liquidation of low-value estates for the benefit of the heirs because it affirmatively obligates the affiant to "apply the property transferred for the payment of obligations" of the estate and to "distribute any balance" to the decedent's heirs. *See* Wis. Stat. § 867.03(2g)(a). Once Taylor had legal title to the Property, she could pass that title to Seidling a/k/a LCO Trust II.

15

The Court concludes that section 867.03 allows an affiant to take title to real property. As owner of the legal interest in the property, the affiant has authority to transfer the real property to a third party via a deed or any other mechanism. Therefore, Taylor had authority to transfer the Property to Seidling.[7]

If the other heirs of the Estate are unhappy with Taylor's transfer to Seidling, then perhaps they have a claim against her; that is not for this Court to say. They do not, however, have a claim against Seidling based on a theory that the transfers were invalid because section 867.03 did not allow Taylor to take title to the Property or transfer the Property to a third party.

*****

The Estate has made vague assertions that Taylor and Seidling conspired to deprive the other heirs of their interest in the Property. The Court does not address whether the Estate or the other heirs may have a claim against Seidling based on such an allegation. According to the Estate's briefing in response to Seidling's claim objection, the Estate's proof of claim is based on the theory that the transfers to Taylor and then to Seidling were invalid or improper under the Transfer by Affidavit procedure in section 867.03. As discussed herein, the Court concludes that

---

[7] The Estate also argues that Seidling did not receive valid legal title to the Property because he is not a bona fide purchaser. That issue is relevant only if the transfer to Taylor under the Transfer by Affidavit was invalid; the Court would then have to consider whether an unsuspecting purchaser could take good title to the Property. *See*, *e.g.*, Wis. Stat. § 867.03(2m)(c) (2023-24) ("If an interest in real property transferred under this section is acquired by a purchase or lender in good faith, for value and without actual notice that the transfer was improper, the purchaser or lender takes title free of any claims of the decedent's estate and incurs no personal liability to the estate, whether or not the transfer was proper."). Taylor's transfer of the Property to herself was not improper, so it is unnecessary to address whether Seidling qualifies as a bona fide purchaser.

16

Taylor did obtain legal title to the Property through the recorded Transfer by Affidavit and that Taylor could validly transfer legal title to the Property to Seidling (a/k/a LCO Trust II) through the recorded Warranty Deed.  The Estate therefore does not have a claim against Seidling, and the Court will disallow the Estate's proof of claim.[8]

### ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.     Seidling's objection to Claim No. 13 filed by the Estate of Douglas Thake is SUSTAINED.

2.     Claim No. 13 is DISALLOWED in full.

# # #

---

[8] The Estate complains about Seidling's conduct in state court litigation, Sawyer County Case No. 2021-CV-115.  *See* Dkt. No. 330.  This decision should not be read as a defense of his conduct.  The Estate also asserts that its claim against Seidling has merit and is not frivolous because it survived three motions to dismiss in state court.  *Id.* at 2.  Just because a claim against Seidling survived a motion to dismiss in state court does not necessarily mean that the Estate has an allowable claim against Seidling's bankruptcy estate.